This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41651**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**DEBRAROSE C.,**

Respondent-Appellant,

and

**IN THE MATTER OF ELENAROSE C.,
ADALINE C., and WILLOW C.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY
Amanda Sanchez Villalobos, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeny, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Law Office of Shasta N. Inman, LLC

Shasta N. Inman
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Mother appeals from the district court's order terminating her parental rights. We issued a notice proposing to summarily affirm. Mother has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded that Mother has demonstrated error and affirm.

**{2}**     On appeal, Mother challenges the sufficiency of the evidence to support the termination of her parental rights based on her alleged neglect and presumptive abandonment of Children. Regarding the district court's findings and conclusions on neglect, Mother does not dispute the facts or law upon which our notice relied, but directs us to circumstances that occurred during the pendency of the proceedings that she contends impacted her ability to comply with and progress in her treatment plan. Mother also asserts that CYFD should have included grief counseling in her treatment plan and allowed her more time after the death of the Children's father to engage in services before moving to terminate her parental rights. [MIO 12]

**{3}**     On appeal, we review CYFD's efforts by considering the totality of the circumstances, including CYFD's statutory obligation, the parent's efforts, and Children's health and safety. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶¶ 40-41, 48, 421 P.3d 814. Applying that framework here, the district court's decision is supported by the substantial efforts CYFD employed, which were detailed in our notice [CN 6], Mother's lack of progress in addressing her substance abuse issues, mental health concerns, and unsafe and unstable home conditions that brought Children into CYFD custody [2 RP 454], and Children's demonstrated health and well-being with their respective substitute families. [2 RP 456-57]

**{4}**     Regarding Mother's argument that the death of Children's father impacted her progress and required additional efforts by CYFD, we noted in our notice that Children's father died on February 5, 2022 [1 RP 222], which was fifteen months after Children were taken into CYFD custody [1 RP 9-22], over a year before CYFD moved to terminate Mother's parental rights [2 RP 342-48], and twenty-one months before the district court entered the order terminating Mother's parental rights. [2 RP 451-59] We are not persuaded that these more than three-year-long proceedings failed to give Mother sufficient time to make progress or were rushed following the death of Children's father. *See State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶ 21, 136 N.M. 53, 94 P.3d 796 (explaining that "[s]tate law allows a reunification plan to be maintained for a maximum of fifteen months"). In addition, "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the

parent." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859; *see id.* ¶ 28 ("[O]ur job is not to determine whether CYFD did everything possible; our task is . . . to [determine] whether CYFD complied with the minimum required under law."). Under the totality of the circumstances presented in this case, we are not persuaded that Mother has established error in the termination of her parental rights. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Mother also raises an argument about the district court's ruling that Mother presumptively abandoned Children. [MIO 15] "Abuse or neglect and abandonment are separate and independent grounds for the termination of parental rights, and they have a distinct set of statutorily created requirements." *State ex rel. Child., Youth & Fams. Dep't v. Christopher B.*, 2014-NMCA-016, ¶ 9, 316 P.3d 918. Because we affirm the district court's ruling on the basis of neglect, it is not necessary for us to reach this argument.

**{6}** For these reasons and those set forth in our notice, we affirm the district court's order terminating Mother's parental rights.

**{7}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**